IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TELNIA YODER LAMBETH, )
f/n/a Telnia Yoder, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 11-00076-KD-N
 )
STATE FARM FIRE AND CASUALTY, )
COMPANY, INC., )
 )
    Defendant. )

REPORT AND RECOMMENDATION

This action is before the court on a motion (doc. 2) filed by the defendant, State Farm Fire and Casualty Company ("State Farm"), to dismiss plaintiff's bad faith claim (Count Two of the Complaint). Pursuant to the Order entered by this Court on February 14, 2011 (doc. 7), plaintiff was required to respond to State Farm's motion by no later than March 7, 2011. Plaintiff has neither responded nor sought an extension of time within which to do so, thus conceding that her bad faith claims against State Farm are barred by the applicable two year statute of limitations.[1]

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B). Upon consideration of the motion and all other pertinent portions of the record, it is recommended that the motion be **granted**.

---

[1] On March 9, 2011, plaintiff's counsel, C. Daniel White, Esq., filed a motion to withdraw, which came on for hearing on March 22, 2011. Mr. White conceded at the hearing that he did not respond or seek an extension of time within which to do so and that he filed his motion to withdraw after the deadline to respond.

I.       Factual and Procedural Background.

Plaintiff filed this lawsuit (doc. 1-1 at 7-9) in the Circuit Court of Escambia County, Alabama, on January 10, 2011.  State Farm removed the action (doc. 1) to this Court on February 11, 2011, pursuant to 28 U.S.C. § 1332 and the Court's diversity jurisdiction.[2]

In Count Two of the Complaint, the Plaintiff presents a claim for bad faith, alleging that "Defendant on or about the 11th day of January, 2005, intentionally refused to pay the Plaintiff's said claim under said policy and denied the same without lawful justification … The Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim … (and) … The Defendant acted in bad faith in refusing to pay said claim ." (Doc. 1-1 at 8 and 17; Compl. Count Two, ¶¶ 4, 7 and 8; Amended Compl. Count Two, ¶¶ 4, 7 and 8 ).

II.       Conclusions of Law.

A.      Standard of Review.

"Rule 12(b)(6) of the Federal Rules of Civil Procedure is a means of asserting the defense of 'failure to state a claim upon which relief can be granted[.]'" Parsons & Whittemore Enterprises Corp. v. Cello Energy, LLC, 2009 WL 323081, *1-2 (S.D. Ala. Feb. 7, 2009) (*citing* Fed. R. Civ. P. 12(b)(6)). "At the outset, a complaint must comply

---

[2] It is undisputed that the parties are diverse.  The amount in controversy exceeds the policy limits of plaintiff's insurance and thus exceeds $142,700 for the dwelling and $109,701 for its contents.  (Doc. 1-1 at 19).  Plaintiff has not disputed that, by her "own sworn statement and oral testimony, she has made a demand of $91,092 referable to the insurance claim that is the subject of this suit." (Doc. 1 at 4).

2

with Rule 8(a)(2) in order to survive a Rule 12(b)(6) motion to dismiss . . . [and] contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'. . . [thus providing] the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. (internal citations omitted). "[While] [t]he complaint 'does not need detailed factual allegations,' . . . the plaintiff [is] to set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]'" *Id*., *quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). *See also* <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 974 (11th Cir. 2008) (same).

"The court may grant the motion only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" <u>Parsons</u>, 2009 WL 323081 at * 2, *citing* <u>Chepstow Ltd. v. Hunt</u>, 381 F.3d 1077, 1080 (11th Cir. 2004). This means that, 'once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Id*., *quoting* <u>Twombly</u>, 550 U.S. at 563. "[Although] [t]he court should accept all of the facts set forth in the complaint as true and view them in the light most favorable to the non-moving party . . .'[p]leadings must be something more than an ingenious academic exercise in the conceivable' and 'unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6).'" *Id*. *quoting* <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1271 (11th Cir. 2004).

  B. <u>Choice of Law</u>.

Alabama state law controls the substantive issues in this diversity action, while

3

federal law governs the procedural issues. *See, e.g.*, <u>Peat, Inc. v. Vanguard Research, Inc.</u>, 378 F.3d 1154, 1159 (11th Cir. 2004). Consequently, the issue of whether Plaintiff's Count Two states a claim upon which relief can be granted is governed by Alabama law.

  C. <u>Statute of Limitations for Bad Faith Claims under Alabama Law</u>.

The Alabama statutes pertaining to limitation of actions provide in pertinent part that, "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(l) (1975). Claims with respect to the bad faith denials of insurance claims were not otherwise specifically enumerated in § 6-2-38. The Alabama Supreme Court has held that the 1-year (now 2-year) statute of limitations governing tort actions applies to an action alleging the bad faith refusal to pay an insurance claim made by the insured against the insurance company; and that an action by an insured against its insurer alleging bad faith in settling a third party claim is a tort claim, not a contract action. <u>Dumas v. Southern Guaranty Ins. Co.</u>, 408 So.2d 86, 88 (Ala. 1981), *citing* <u>Waters v. American Casualty Insurance Co.</u>, 261 Ala. 252, 73 So.2d 524 (1954).

        III. <u>Analysis</u>.

In Count Two of the Complaint the Plaintiff alleges that State Farm acted in bad faith in refusing to pay a claim and denying the same without lawful justification "on or about the 11th day of January, 2005". (Doc. 1-1 at 8 and 17; Compl. Count Two, ¶¶ 4, 7 and 8; Amended Compl. Count Two, ¶¶ 4, 7 and 8 ). However, the action was not filed

and initiated until January 10, 2011, almost six years after the alleged denial of Plaintiff's insurance claim. (Doc. 1-1 at 7 and 16; Compl., p. 1; Amended Compl., p. 1). Consequently, plaintiff's bad faith claim is barred by the Alabama statute of limitations. State Farm's motion to dismiss plaintiff's bad faith claim with prejudice is, therefore, due to be granted.

## CONCLUSION

For the reasons stated above, it is recommended that State Farm's motion to dismiss plaintiff's bad faith claim with prejudice be **GRANTED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 24th day of March, 2011.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  24th day of March , 2011.

                /s/ Katherine P. Nelson
                UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).